## FAY v. PREBLE, Adm'x.

*(Circuit Court, N. D. Illinois.   December 4, 1882.)*

PATENT FOR INVENTION—EXPANDED CLAIMS IN REISSUE.

Where the true and only allowable construction of complainant's patent for an improvement in planing machines requires that the pressure rollers shall be used in combination with independent swinging arms, as described in the specifications, he cannot by a reissue be permitted to expand the claims so as to cover all divided or broken pressure rollers; and where defendant does not use the swinging arms, nor complainant's combination of those arms, with his pressure rollers, there is no infringement.

*Parkinson & Parkinson,* for complainant.

*Geo. P. Barton,* for defendant.

BLODGETT, D. J. This is a bill for an injunction and account by reason of the alleged infringement of a patent issued by the United States to James Goodrich and Henry J. Colburn, bearing date February 7, 1871, and numbered 111,632, and reissued on the first of October, 1878, to the said Goodrich and Colburn, assignors of W. H. Doane, the reissue being No. 8,438, for "an improvement in planing machines." The defense relied on is (1) that the reissued patent is void, for the reason that it is for a different invention than that covered by the original patent; and (2) that the defendant does not infringe.

The feature of the original patent brought in question by this suit is a device by which the lumber to be planed is held or pressed down to the traveling bed of the planing machine by means of two or more pressure rollers placed in a line across the bed of the machine so that their united length shall reach across the bed. The original device, as patented by Goodrich and Colburn, contained several features which the inventors seemed to think of much more merit than the special feature in question in this suit, and those elements or features formed the subject of the first three claims of the patent.

There is no proof in the record that a practical working machine embodying all the distinctive features of the original patent was ever made and operated for planing lumber, and the opinions of several witnesses of much experience in the working of this class of machinery are given in proof to the effect that a useful planing machine could not be made by following the specifications and drawings shown in the patent. It also appears from the proof that in the year of 1877 the complainant company and another manufacturer of plan-

ing machines made and put upon the market machines containing, among other features, divided or broken pressure rollers. These machines proved useful and acceptable to the trade, and in August, 1878, undoubtedly for the purpose of securing to this complainant the exclusive right or monopoly in the market for this class of machines, Mr. Doane, president of the complainant company, secured from Goodrich and Colburn an assignment of their original patent, and obtained the reissue now before the court.

The original patent contained four claims, the first three of which relate to features not involved in this suit, and the fourth claim was intended to cover so much of the device as related to the divided or broken pressure rollers. The reissued patent contains eight claims, the first four being substantially the four claims of the original patent; and the fifth, sixth, seventh, and eighth all relate to the divided pressure rollers, and are intended to claim and cover more fully and particularly this characteristic of the machine. The fourth claim of the original and reissued patent, in substance, is for "the combination of the springs, E4, E4, with the yokes, E3, E3, the frames, E2, E2, E1, E1, and the rollers, E, E, as herein described, and for the purposes set forth." The new claims in the reissue state more minutely the operation of the machine and the combination of these parts with the traveling bed and other parts of the machine. If these new claims are intended to be and are an expansion of the claims of the original patent so as to enable the present owners of the patent to claim elements which the original patentees did not see fit to claim, then they are undoubtedly void under the rule established by the supreme court in *Miller* v. *Brass Co.* 104, U. S. 350, and *Campbell* v. *James,* 104 U. S. 356; while if these new claims are only restatements of the functions and mode of operation of the elements of the fourth claim in combination with the other parts of the machine, then they are but another mode of formulating the old fourth claim. The original fourth claim was for the rollers, frames, yokes, and springs, as shown and described in the specification, acting, of course, through and with the other parts of the mechanism to make an operative machine; and, in my estimation, a claim of a combination of those elements of the old fourth claim with the other parts of the machine does not add anything to that old fourth claim, because the operation of those elements with the other parts of the machine, like the traveling bed or cutter-heads, was implied or understood in the original fourth claim. I shall, therefore, confine myself

to the question whether the machine made by the defendant infringes the fourth claim of the reissued patent.

In the specification of the reissue this feature of the patent is described as follows:

" The pressure rollers, E, E, figures 2, 3, and 4, are connected to independent swinging arms, E1, E1, E2, E2, so that they are free to follow the surface of the article to be planed; the journals of the rollers having boxes so arranged that this action can take place. E3, E3, figure 4, are yokes, the ends of which rest upon the arms, E1, E1, E2, E2. Upon the middle of these, yokes E4, E4, pressed, so that the arms E1, E1, E2, E2, are pressed constantly downward against the work."

It will be seen from this description that the independent swinging arms which carry upon their forward ends the pressure rollers are a distinctive feature or element of the complainant's device. The function and mode of operation of these swinging arms is such that either end of the roller may rise without raising the opposite end, thus giving to these rollers an adjustable element which enables them to adapt themselves to the surface of the lumber on which they are to operate.

The defendant's machine contains a divided roller, or two rollers, the united length of which reaches across the bed of the machine; but these rollers are fixed on rigid frames which have only a vertical motion, and the rollers cannot be tilted or one end raised, while the other remains stationary or is not raised so much. There is nothing in defendant's machine which corresponds to these swinging arms in complainant's machine, or which can be deemed the equivalent of these arms. The characteristic which these arms impart to complainant's device is not found in defendant's machine. The defendant's rollers must rise vertically in a line parallel to the bed of the machine.

If complainant, by the new claims in the reissue, intends to cover all divided rollers or machines where transverse pressure rollers are used in sections or parts, then the proof shows that more is claimed than can be allowed by the state of the art when these patentees entered the field, because the English patent to Gracie clearly shows several pressure rollers acting independently across the bed of a planing machine; and the same feature is also shown in several other English patents which are in proof, although not so nearly identical in mode of operation and effect as those shown in the Gracie patent.

· I am, therefore, of opinion that the true and only allowable construction of complainant's patent requires that the pressure rollers shall be used in combination with the independent swinging arms which are described in the specifications, and that complainant cannot by the reissue, be permitted to expand the claims of the patent so as to cover all divided or broken pressure rollers; and inasmuch as defendant does not use the swinging arms nor the complainant's combination of those arms with his pressure rollers, there is no infringement. The bill is dismissed for want of equity.